UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LEVERT K. GRIFFIN, | ) | CASE NO. 5:05 CV 2532 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| AUGUSTIN F. O'NEIL, Esq., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On October 28, 2005, plaintiff pro se Levert K. Griffins filed this in forma pauperis action against Augustin F. O'Neil, Esq.  An amended complaint was filed on November 7, 2005.  The amended complaint, while unclear, alleges that defendant committed perjury in the an Ohio court proceeding.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1]  <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989);
<u>Lawler v. Marshall</u>, 898 F.2d 1196 (6th Cir. 1990); <u>Sistrunk v. City
of Strongsville</u>, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of <u>pro se</u>
pleadings are not without limits.  <u>Beaudett v. City of Hampton</u>, 775
F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either
direct or inferential allegations respecting all the material
elements of some viable legal theory to satisfy federal notice
pleading requirements.  <u>See</u> <u>Schied v. Fanny Farmer Candy Shops,
Inc.</u>, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not
required to conjure up questions never squarely presented to them
or to construct full blown claims from sentence fragments.
<u>Beaudette</u>, 775 F.2d at 1278.  To do so would "require ...[the
courts] to explore exhaustively all potential claims of a <u>pro se</u>
plaintiff, ... [and] would...transform the district court from its
legitimate advisory role to the improper role of an advocate
seeking out the strongest arguments and most successful strategies
for a party."  <u>Id.</u>

Even liberally construed, the amended complaint, alone or
taken together with the complaint, does not contain allegations

---

[1]    A claim may be dismissed <u>sua sponte</u>, without prior
notice to the plaintiff and without service of process on the
defendant, if the court explicitly states that it is invoking
section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing
the claim for one of the reasons set forth in the statute.
<u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 608-09 (6th Cir. 1997);
<u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985), <u>cert.
denied</u>, 474 U.S. 1054 (1986); <u>Harris v. Johnson</u>, 784 F.2d 222,
224 (6th Cir. 1986); <u>Brooks v. Seiter</u>, 779 F.2d 1177, 1179 (6th
Cir. 1985).

reasonably suggesting plaintiff might have a valid federal claim. See, Lillard v. Shelby County Bd. of Educ,, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s Peter C. Economus-12/8/05

PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE